UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL FRANKLIN,     ) | |
|    Plaintiff,     ) | |
| ) | |
|    vs.     ) | No. 18-3280 |
| ) | |
| MONTOGOMERY COUNTY     ) | |
| JAIL, et. al.,     ) | |
|    Defendants     ) | |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims his constitutional rights were violated by the Montgomery County Jail; the Montgomery County Sheriff's Department; Advanced Correctional Healthcare; Warden Kevin Kinsley; Correctional Officers Dave Stite, Adam Fath, and Chris Watson; Dr. Vipen Shah; Nursing Assistant Megan Tomey; Nurse Mary; the Montgomery County Probation Department; John Doe #1; and Jane Doe #1.

Plaintiff's rambling, 67-page complaint with exhibits does not include numbered paragraphs and is difficult to decipher. Plaintiff further lists several allegations concerning his four month incarceration at the Montgomery County Jail from June 7,

2018 through October 5, 2018.  Plaintiff begins with an Eighth Amendment claim of deliberate indifference to a serious medical condition.  Plaintiff lists a wide variety of ailments including Parkinson's disease, Lewy body dementia, a brain tumor, a complex seizure disorder, heart disease, a fractured spine, blood pressure problems, a concussion, chest pains, a fractured elbow, a throat tumor, a hernia, etc.  It does appear from the exhibits attached to Plaintiff's complaint that he suffered from several of the conditions listed. (Comp., p. 31).  However, the Court will limit Plaintiff's allegations to those which are clearly alleged in his complaint.

For instance, Plaintiff claims Defendants Dr. Shah, Nurse Tomey, Nurse Mary, and Warden Kinsley knew of his medical conditions and the prescribed treatments, but he was left to suffer in pain without any medications.  In addition, Plaintiff says he previously received regular physical therapy for his Parkinson's and Lewy Body Dementia, but he was denied any care resulting in his inability to walk.

Plaintiff also details multiple seizures he suffered as a result of the lack of medical care on June 11, 2018; June 13, 2018; and June 17, 2013.  Plaintiff claims he re-injured his back during one fall and he was denied care for extreme pain.  On June 25, 2018, Plaintiff began to feel dizzy, confused, disoriented, and nauseous after a fall.  Defendant Warden Knisley called Dr. Shah, but the doctor refused to come to the jail.  Plaintiff was provided only aspirin and an ice pack.  On August 23, 2018, Plaintiff says he was again denied care after he fell and seriously injured his elbow.

Plaintiff further claims he suffered with chest pain and irregular heartbeats, but his complaints were ignored. In addition, Plaintiff says he was denied medications for his mental health condition.

Plaintiff has adequately alleged Defendants Dr. Shah, Nurse Tomey, Nurse Mary, and Warden Kinsley were deliberately indifferent to his many, serious medical conditions during his four month incarceration in the Montgomery County Jail. While only Dr. Shah could have ordered medication or treatment, if Plaintiff can demonstrate his claim that the other Defendants knew Plaintiff was not receiving needed medical care, he can demonstrate deliberate indifference.

Plaintiff has failed to clearly allege any other named Defendant was deliberately indifferent to his medical condition. In order to hold an individual liable pursuant to 42 U.S.C. §1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In addition, a Defendant cannot be held liable simply because they were a supervisor. *See Ali v. West*, 2017 WL 176304, at *3 (E.D.Wis. Jan. 17, 2017)("[b]ecause personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions."); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)("The doctrine of *respondeat superior* does not apply to § 1983 actions..").

Plaintiff says all named Defendants were aware the jail did not have proper equipment and resources to treat Plaintiff, but this general allegation is not sufficient to establish liability. Further, Plaintiff cannot sue a jail, he has not articulated an official capacity claim, and he has not articulated a specific claim against the Doe Defendants. *See Nava v. Sangamon County Jail*, 2014 WL 1320259, *2 (C.D. Ill. April 2, 2014); *Monell v. Department of Social Services,* 436 U.S. 658 (1978); *Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

Plaintiff's complaint also includes a wide variety of other alleged constitutional violations. Plaintiff is admonished he cannot combine unrelated claims against different defendants in one lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).

For instance, Plaintiff says his Public Defender and the Probation Department either failed to get him needed medical attention, or failed to properly represent him, or failed to set up a home monitoring system. However, neither the Public Defender, nor the Probation Department is responsible for providing medical care or obtaining medical care for Plaintiff within the jail. In addition, Plaintiff's remaining claims against these individuals are unrelated to his claim of deliberate indifferent to a serious medical condition.

Plaintiff further alleges he was denied access to the courts because he could not challenge his conviction or file a lawsuit complaining of his living conditions. However, Plaintiff had counsel in his criminal case, and he was able to file this lawsuit

4

complaining about living conditions.  Therefore, Plaintiff has not alleged he suffered an actual injury as a result of the alleged deprivations, nor is this claim related to his medical care. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir.2009).

Plaintiff's claim that Defendant Stite ignored complaints about bugs in Plaintiff's cell also cannot be combined in the same lawsuit with Plaintiff's surviving claim. Finally, Plaintiff's list of potential allegations without factual support is insufficient to state a claim for relief.

Therefore, Plaintiff will be allowed to proceed with his one claim alleging Defendants Dr. Shah, Nurse Tomey, Nurse Mary, and Warden Kinsley were deliberately indifferent to his many, serious medical conditions during his four month incarceration in the Montgomery County Jail.

If Plaintiff believes the Court has misinterpreted his claims, he may file a motion for leave to amend with a proposed amended complaint within 21 days of this order. The amended complaint must include all claims against all Defendants, and must not make reference to his previous complaint.  Plaintiff also must not simply repeat claims previously considered and dismissed, and he must not include unrelated claims against different defendants.

 In addition, any amended complaint must comply with Federal Rules of Civil Procedure 8 and 10.  For instance. Rule 8 calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2**).** Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1).

Rule 10 also requires the pleader to state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10 (b) "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

Plaintiff is an experienced litigator. *See Franklin v. Henke,* Case No. 10-3311; *Franklin v. Scheighart*, Case No. 14-3387; *Franklin v. McLean County Jail,* Case No. 12-1252; *Franklin v. Harms*, Case No. 12-1293; *Franklin v. Advanced Correctional Healthcare*, Case No. 17-3122. Therefore, any motion for leave to amend which does not meet these requirements will be dismissed.

Plaintiff has also filed a motion asking the Court to appoint counsel to represent him. [3]. Plaintiff has no constitutional right to the appointment of counsel, and the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff has demonstrated at least some attempt to find counsel on his own.

Plaintiff repeats that he has several medical conditions which make it difficult for him to litigate his case. However, as noted, Plaintiff has litigation experience. Plaintiff will also be able to obtain his medical records. Plaintiff should further be able to testify personally to the pain he experienced, his attempts to obtain help, and the responses he received, which can be used to show evidence of deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference). Finally, once the Defendants are served, the Court will set a status conference to discuss Plaintiff's claims, potential defenses, and needed discovery. The Court will then enter a scheduling order which provides information to assist a pro se litigant, and requires the exchange of initial, relevant discovery. Therefore, based on the current record, Plaintiff's motion is denied. [3].

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Dr. Shah, Nurse Tomey, Nurse Mary, and Warden Kinsley were deliberately indifferent to his many, serious medical conditions during his four month incarceration in the Montgomery County Jail. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give

Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of

those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss all Defendants except Dr. Shah, Nurse Tomey, Nurse Mary, and Warden Kinsley for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion for appointment of counsel, [3]; 3)Dey Plaintiff's motion for merit review as moot, [21]; 4) Attempt**

service on Defendants pursuant to the standard procedures; 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and set a status conference; and 6) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

ENTERED this 9th day of April, 2019

                              s/James E. Shadid
                              JAMES E. SHADID
                    UNITED STATES DISTRICT JUDGE